```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

NADIA ASHI and BASIL ASHI,            )
husband and wife, and                 )
DOROTHY CHECKEYE, an                  )
individual,                           )
                                      )
        Plaintiffs,                   )
                                      )
    v.                                )   Civil Action No. 05-1686
                                      )
PROPERTY and CASUALTY                 )
INSURANCE COMPANY OF                  )
HARTFORD, a corporation,              )
and AMERICAN NATIONAL                 )
PROPERTY AND CASUALTY                 )
COMPANY, a corporation                )
                                      )
        Defendants.                   )

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                    February 7, 2006

This is an action alleging violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), the Pennsylvania Bad Faith Statute, and breach of contract. Plaintiffs allege that on July 23, 2003, raw sewage came through the pipes of their neighboring properties in New Kensington, Pennsylvania. Plaintiffs Nadia and Basil Ashi allege that defendant Property and Casualty Insurance Company of Hartford ("Property Insurance") improperly handled their claim of property damage in breach of their contract of insurance and in violation of the UTPCPL, 73 P.S. § 201-1 and the Pennsylvania Bad Faith Statute, 42 Pa. C.S.A. §8371. Plaintiff Dorothy

Checkeye alleges that defendant American National Property and Casualty Company ("American National") improperly handled her claim of property damages in breach of her contract of insurance and in violation of the UTPCPL, 73 P.S. § 201-1 and the Pennsylvania Bad Faith Statute, 42 Pa. C.S.A. §8371. Defendant Property Insurance has filed a motion to dismiss Count VII under Fed.R.Civ.P. 12(b)(6), arguing that the Ashi plaintiffs have failed to allege facts sufficient to state a claim against it for violations of the UTPCPL. Defendant American National has filed a motion to dismiss Count VIII pursuant to Fed.R.Civ.P. 12(b)(6) on the basis that plaintiff Checkeye has failed to allege facts sufficient to state a claim against it for violations of the UTPCPL.

When the court considers a Rule 12(b)(6) motion to dismiss, the issue is not whether plaintiff will prevail in the end or whether recovery appears to be unlikely or even remote. The issue is limited to whether, when viewed in the light most favorable to plaintiff, and with all well-pleaded factual allegations taken as true, the complaint states any valid claim for relief. See ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994). In this regard, the court will not dismiss a claim merely because plaintiff's factual allegations do not support the particular legal theory he advances. Rather, the court is under

a duty to examine independently the complaint to determine if the factual allegations set forth could provide relief under any viable legal theory. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 n.40 (2d ed. 1990). See also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

It is on this standard that the court has reviewed defendants' motions. Based on the pleadings of record, the arguments of counsel and the briefs filed in support and opposition thereto, the court is not persuaded "beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

Under the UTPCPL, defendants' alleged conduct must rise to the level of an unfair or deceptive practice as defined by the statute. The UTPCPL prohibits "unfair methods of competition or unfair or deceptive acts or practices in the conduct of any trade or commerce." 73 P.S. § 201-1. The Court of Appeals for the Third Circuit has held that, in the context of insurance policies, plaintiffs cannot state of violation of the UTPCPL by alleging mere non-payment of an insurance claim. Horowitz v. Federal Kemper LIfe Assurance Co., 57 F.3d 300, 307 (3d Cir. 1995)(citing Gordon v. Pennsylvania Blue Shield, 548 A.2d 600, 603 (Pa.Super. 1988)). Rather, the court of appeals noted, in

order to state a viable UTPCPL claim, plaintiffs must allege improper performance of a contractual obligation. Id.

Plaintiffs' allegations at paragraphs 55 and 59 that defendants' acted unlawfully by, *inter alia*, failing to pay benefits under the policies and by engaging in conduct likely to cause confusion and/or misunderstanding regarding the payments of premiums and the coverage purchased. See Plaintiffs' Complaint at ¶¶ 55 & 59. These facts are sufficient, if true, to state a claim under the UTPCPL.

Therefore, IT IS HEREBY ORDERED that defendant Property and Casualty Insurance Company of Hartford's motion to dismiss Count VII [document #5] is DENIED. IT IS FURTHER ORDERED that defendant American National Property and Casualty Company's motion to dismiss Count VIII [document # 4] is DENIED. IT IS FURTHER ORDERED that defendants shall file their answers to the complaint on or before March 1, 2006.

BY THE COURT:

_____, J.

cc: All Counsel of Record